AO 451 (Rev. 12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

__Eastern__ DISTRICT OF __Virginia__

National Stabilization Agreement Of The Sheet Metal Industry Trust Fund, et al

V.

Abbot And Associates Fabricators, Inc., et al

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 1:07cv869

```
Filed RCC
Mar 14, 2008
08cv1528
Judge Bucklo
Mag. Judge Cox
```

I, __Fernando Galindo__, Clerk of the United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on __1/2/08__, Date

as it appears in the records of this court, and that

\* __no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.__

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court on

__2/14/08__
Date

__Fernando Galindo__
Clerk

[signature]
(By) Deputy Clerk

---

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NATIONAL STABILIZATION AGREEMENT )
OF THE SHEET METAL INDUSTRY      )
TRUST FUND, et al.,              )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )   1:07cv869(LMB/TCB)
                                 )
ABBOTT AND ASSOCIATES            )
FABRICATORS, INC., et al.,       )
                                 )
        Defendants.              )

### ORDER

On December 12, 2007, a magistrate judge issued a Report and Recommendation ("Report"), in which she recommended that a default judgment in the amount of $43,088.72, consisting of $18,366.77 in unpaid contributions, $858.50 in accrued interest, $19,982.27 in liquidated damages, and $3,881.18 in reasonable attorneys' fees and costs, as well as specific injunctive relief be awarded in favor of plaintiffs against the defendants. The parties were advised that any objections to the Report had to be filed within ten days and that failure to file timely objections waived appellate review of any judgment entered on the basis of the Report. As of January 2, 2008, no objections have been filed.

Having reviewed the case file, the Court finds that the Report accurately states the applicable law and finds the correct facts. Accordingly, the Court adopts the findings and

conclusions of the Report as its own, and on this basis, plaintiffs' Motion for Entry of Default Judgment is GRANTED, and it is hereby

ORDERED that plaintiffs' Default Judgment and Order be and is entered.

The Clerk is directed to forward copies of this Order and the Default Judgment and Order to counsel of record and, by certified mail return receipt requested, to the defendants at the address listed in the case file.

Entered this 2nd day of January, 2008.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

F I L E D
JAN - 2 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

NATIONAL STABILIZATION AGREEMENT )
OF THE SHEET METAL INDUSTRY )
TRUST FUND, *et al* )
)
              Plaintiffs )
v. )
)
ABBOTT AND ASSOCIATES FABRICATORS, )
INC., *et al* )
)
              Defendants )

CIVIL ACTION

CASE NO. 1:07-cv-0869 (LMB/TCB)

## DEFAULT JUDGMENT AND ORDER

Upon consideration of the Motion for Default Judgment submitted by Plaintiffs, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund"), Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry), Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF") and National Energy Management Institute Committee ("NEMI") and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI") (NPF, ITI, SMWIASF, NEMI and SMOHI are jointly referred to as "National Funds" and together with SASMI Trust Fund as "Funds"), it appearing to the Court that Defendants, Abbott and Associates Fabricators, Inc. d/b/a Abbott and Associates Fab & Install ("AAF"), Abbott and Associates, Inc. ("Associates"), Abbott and Associates Installers, Inc. ("Installers"), Abbott and Associates Joint Venture Contractors, Inc.("Joint Venture"), Test & Balancing, Inc.("Test & Balancing"), and Ductwork, Inc. d/b/a Abbott & Associates ("Ductwork", and together with AAF, Associates,

189110-1

Installers, Joint Venture, and Test & Balancing, "Companies" or "Defendants"), have failed to plead or otherwise defend in this action, that a default has been entered, and that there is no just reason for delay, it is ORDERED by the Court, this 2ND day of January, 2008:

1. Companies are the alter egos of AAF.

2. Judgment by default in the total sum of $43,088.72 is entered in favor of the Funds against Defendants. This amount includes the following for each of the Funds:

| Fund[1] | Contributions[2] | Interest[3] | Liquidated Damages[4] | Attorneys' Fees[5] | Costs[6] | TOTAL |
|---|---|---|---|---|---|---|
| NPF | $3,401.19 | $158.93 | $680.23 | $0.00 | $0.00 | $4,240.35 |
| ITI | $1,046.52 | $48.90 | $209.30 | $0.00 | $0.00 | $1,304.72 |
| NEMI | $261.63 | $12.22 | $52.32 | $0.00 | $0.00 | $326.17 |
| SMOHI | $174.42 | $8.15 | $34.88 | $0.00 | $0.00 | $217.45 |
| SMWIASF | $87.21 | $4.07 | $17.44 | $0.00 | $0.00 | $108.72 |
| SASMI | $13,395.80 | $626.23 | $18,988.10 | $3030.00 | $851.18 | $36,891.31 |
| TOTAL | $18,366.77 | $858.50 | $19,982.27 | $3030.00 | $851.18 | $43,088.72 |

3. Within twenty (20) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

4. Defendants shall pay to NPF, ITI, SMWIASF, NEMI and SMOHI additional interest at eight and one-half percent (8.5%) per year, in accordance with the Funds' governing

---

[1] The NPF, ITI, SMWIASF, NEMI and SMOHI are referred to jointly as "National Funds."
[2] Calculated for the period 2/07 through 3/07 for the National Funds and 2/07 through 3/07 for SASMI.
[3] Calculated through 10/15/07.
[4] Liquidated damages are calculated at twenty percent (20%) of the contribution amount for contributions that are unpaid as of the commencement of the litigation for both the National Funds and SASMI. For SASMI, liquidated damages are also calculated at twenty percent (20%) of the contribution amount for contributions paid prior to commencement of litigation but after the due date.
[5] Incurred in this matter through October 18, 2007.
[6] Incurred in this matter through October 18, 2007.

189110-1                                    2

documents, on the amount of any delinquent monthly contributions awarded in this Order, from October 15, 2007 through the date payment is finally made.

5. Defendants shall pay to the SASMI Trust Fund additional interest calculated at eight and one-half percent (8.5%) per year, in accordance with the Funds' governing documents, on the amount of any delinquent monthly contributions awarded in this Order, from October 15, 2007 through the date payment is finally made.

6. Defendants shall submit to an audit of its wage, payroll, and personnel records for all periods for which Defendants are obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and Defendants shall pay all contributions, interest, and liquidated damages determined by such audit to be due, as well as the costs of such audit.

7. Defendants shall pay to the Funds any additional reasonable attorneys' fees and costs incurred in connection with this case including, without limitation, those incurred to enforce and collect this judgment. If any such further action by the Funds is required, they may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶3 above. *See, Free v. Briody*, 793 F.2d 807 (7th Cir.1986).

8. Because of Defendants' persistent failure to meet its reporting and payment obligations to the Funds under the terms of the collective bargaining agreements, the Funds' Agreements and Declarations of Trust and 29 U.S.C. §1145, Defendants, their officers, agents, servants, employees, attorneys, and all persons acting on its behalf or in conjunction with it shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendants are

189110-1                                    3

obligated to do so under the current and any future collective bargaining agreement(s) to which it is bound.

9. If Defendants fail to comply with any of the terms of this Order, the Funds may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

10. This Default Judgment and Order is enforceable by the Funds individually, singly or jointly, or by their agent.

BY THE COURT

1/2/08
Date

/s/
Leonie M. Brinkema
United States District Judge

Copies of this Order shall be sent to:

David S. Bahuriak, Jr., Esquire
Philip A. Lozano, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683

Abbott and Associates Fabricators, Inc.
d/b/a Abbott and Associates Fab & Install
Abbott and Associates, Inc.
Abbott and Associates Installers, Inc.
Abbott and Associates Joint Venture Contractors, Inc.
Test & Balancing, Inc.
Ductwork, Inc.
d/b/a Abbott & Associates,
7 North Circle Ave.,
Bloomingdale, IL 60108

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY Michael Y. Hall
DEPUTY CLERK

189110-1                                                4